### The State v. Whitsett, *Appellant.*

#### Division Two, July 1, 1892.

1. **Criminal Law**: ASSAULT WITH INTENT TO RAPE. To sustain a conviction for an assault with intent to rape, the evidence must show that the assault was made with the intent to have sexual intercourse with the woman by force and against her will, notwithstanding the utmost resistance that might be offered.

2. ——: ——: INTENT. It is for the jury to determine, under all the facts and circumstances, the intent with which an assault was made, and if made in a rude and insulting manner, by seizing the person of the woman, against her will, it would constitute an assault and battery.

*Appeal from Ray Circuit Court.*—HON. J. M. SANDUSKY, Judge.

AFFIRMED.

*Ball, Hamilton, Farris & Garner,* for appellant.

*John M. Wood,* Attorney General, for the State.

THOMAS, J.—The defendant was sentenced by the circuit court of Ray county to pay a fine of $100 for an assault to commit rape, and he appeals, but has filed no statement nor brief.

Upon an examination of the record we find that the evidence discloses about this state of facts: Defendant was a married man and lived about half a mile from the home of Adelia Taggert, the prosecuting witness. On the eighth day of June, 1888, he went to her house and asked the girl, who seems to have been alone at the time, for a saw he loaned her father a few days before. The girl testified as follows: "I went and got

the saw and handed it to him; he looked strange; I never saw him look and act before as he did; his voice trembled, and I saw the 'old boy' in his eye. When I handed him the saw he grabbed me by the arms, between the elbows and shoulders and we struggled through that room and through the door into the middle of the next room, when I got loose from him and ran over to Mrs. Libold's, our neighbor, who lived about a half mile from our house. When John took hold of my hands he did not say anything, but I saw from his looks that there was something wrong.''

As soon as she reached Mrs. Libold's she told what had happened, and on the same day told it to her mother. No evidence was offered by defendant; and at the close of the state's case he demurred to the evidence, which was overruled. The court, in substance, instructed the jury that in order to convict defendant, they must find from the evidence that he assaulted the prosecuting witness with the intent to have sexual intercourse with her, by force and against her will, notwithstanding the utmost resistance that might be offered; that if he assaulted her it was for the jury to determine, under all the facts and circumstances, what his intent was, and that, if he, "in a rude and insulting manner, seized her by the arms, against her will, that was an assault and battery.''

The instructions stated the law fairly. The jury has found the facts, and we do not feel that we would be justified in interfering with the verdict. The judgment is accordingly affirmed. All concur.